# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Glenn M. Fields, III, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5:19-3174-RMG |
| | ) | |
| vs. | ) | |
| | ) | |
| Andrew Saul, Commissioner | ) | |
| of Social Security Adminstation, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

This matter comes before the Court for judicial review of the final decision of the Commissioner of Social Security denying Plaintiff's application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to the United States Magistrate Judge for pretrial handling. The Magistrate Judge issued a Report and Recommendation ("R & R") on December 10, 2020, recommending that the decision of the Commissioner be reversed and remanded to the agency because the Administrative Law Judge ("ALJ") failed to explain how his finding of Plaintiff's moderate limitations in concentration, persistence, and pace translated or did not translate into the claimant's maximum RFC. (Dkt. No. 17 at 16-20). The Commissioner has filed objections to the R & R, arguing that the ALJ adequately explained his findings and RFC. (Dkt. No. 19). Plaintiff filed a reply supporting the Magistrate Judge's R &R. (Dkt. No. 21).

**Legal Standard**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the R & R to which specific objection has been made, and may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme of the Social Security Act is a limited one. Section 405(g) of the Act provides that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes *de novo* review of factual circumstances that substitutes the Court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971).

Although the federal court's review role is limited, "it does not follow, however, that the findings of the administrative agency are mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings." *Vitek*, 438 F.2d at 1157-58.

**Discussion**

A review of the ALJ's decision, while ably addressing other issues raised in the Plaintiff's disability application, created considerable confusion regarding the basis of his finding that Plaintiff had moderate limitations in the functional area of concentration, persistence, and pace and whether that limitation required limitations in the RFC. In the ALJ's Step Three analysis, the ALJ found Plaintiff had moderate limitations in concentration, persistence, and pace and appeared to base this entirely on the claimant's Full Scale IQ of 68. (Dkt. No. 10-8 at 25). When setting forth limitations in the claimant's RFC, the ALJ stated that Plaintiff's limitations in the functional area of concentration, persistence, and pace could be addressed by limiting him to the performance of unskilled work activities that required "simple work related decisions." (*Id*. at 27). The ALJ's explanation of the RFC created the very confusion addressed in *Mascio v. Colvin*, 780 F.3d 632, 638 (4th Cir. 2015), which held that "the ability to perform simple tasks differs from the ability to stay on task" and limiting a claimant "to simple, routine tasks or unskilled work" does not account for limitations in concentration, persistence, and pace.

The Magistrate Judge noted the opinion of Plaintiff's treating pain physician, Dr. Eaton, that Plaintiff's persistent pain interfered with the claimant's attention and concentration. (Dkt. No. 17 at 19). The Magistrate Judge observed that the lack of explanation regarding the basis of Plaintiff's RFC failed to make a "logical bridge" between his finding of moderate limitations in concentration, persistence, and pace and the Plaintiff's RFC. (Id. at 20). Adding to the confusion, the ALJ began his last paragraph at Step Five by stating, "in sum, the above residual functional capacity is supported by" and nothing else followed. (Dkt. No. 10-8 at 34).

The Court finds the Magistrate Judge is correct that reversal and remand are necessary

for the ALJ to provide a sufficient explanation of the basis of Plaintiff's RFC to allow for "meaningful judicial review." (Dkt. No. 17 at 20). Consequently, the Court **ADOPTS** the Report and Recommendation (Dkt. No. 17) as the order of this Court, **REVERSES** the decision of the Commissioner pursuant to Sentence Four of 42 U.S.C. § 405(g), and **REMANDS** the matter to the Commissioner for further proceedings consistent with this order.

    **AND IT IS SO ORDERED**.

S/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

Charleston, South Carolina
December 27, 2020